# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO J. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) CASE NO. _____ |
| | ) |
| TRINITY LIFESTYLES | ) |
| MANAGEMENT, LLC | ) |
| A Georgia domestic limited liability | ) |
| Company | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### Parties

1. Plaintiff, Anotnio J. Williams is of sound mind, over the age of nineteen (19) years, is an African-American male, and at all times relevant hereto, was a resident of the Northern District of Alabama, Southern Division.

2. Defendant, Trinity Lifestyles Management, LLC, is a Georgia domestic limited liability company, organized under the laws of the State of Georgia and at all times relevant hereto was authorized to do business and was doing business in the Northern District of Alabama, Southern Division.

### Jurisdiction

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343(4), 2201; 42 U.S.C. Sections 1981 and 1981a et seq as amended,

1

2000(e)-5(f) and (g) *et seq.* as amended. This is a suit in equity, authorized and instituted pursuant to 42 U.S.C. Sections 1981 and 1981(a), 2000(e) et seq. as amended. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by the above statutes, providing for injunctive and other relief against race and gender / sex discrimination.

4. The Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. Section 2000(e) et seq. as amended. He timely filed his charge of discrimination within One-Hundred and Eighty (180) days of occurrence of the last discriminatory act. He timely files this complaint within Ninety (90) days of the receipt of her Right-to-Sue letter received from the Equal Employment Opportunity Commission on December 16, 2016. A copy of the EEOC right-to-sue letter is attached hereto.

5. The Defendant is an entity subject to suit under 42 U.S.C. Section 2000(e) et seq. as amended. It employs at least fifteen (15) persons.

## Venue

6. All actions complained of herein occurred in the Northern District of Alabama, Southenr Division.

## Factual Allegations

7. Paragraphs 1 through 6 are realleged and incorporated herein by reference and made paragraph 7.

2

8. The Plaintiff began employment with the Defendant on or about September 9, 2014 at the Defendant's Chateau Vestavia facility located at 2401 Columbiana Road, Birmingham, Alabama 35216.

9. The Plaintiff was hired as Inspiration Director over the facility's Memory Care Unit by King deMontluzin, the facility executive director / Administrator, a white male.

10. Initially, the Plaintiff was informed that this position was an omnsbudsman-type position to assist in recruiting and retaining staff in the memory care unit

11. However, shortly after the Plaintiff began his employment, deMontluzin instructed him to perform duties he was not qualified nor trained to perform under state and federal regulations that governed the facility.

12. The Plaintiff was not given a written description of the position.

13. The Plaintiff complained to deMontluzin and was ignored and instructed to do as he was told..

14. July 14-16, 2015 officials from the Alabama Department of Public Health began conducting a survey at the facility.

15. The Plaintiff was questioned by the individuals with the survey team as to his position and duties at the facility and he responded that he was the director of the Memory Care Unit.

16. Members of the survey team informed him that he could not hold the title of "Director" as he was not an RN nor a licensed assistant living administrator and should not have been performing the duties assigned to him by deMontluzin.

17. Members of the state survey asked the Plaintiff if the facility had ever been understaffed.

18. At the time the Plaintiff was asked the question, he was only aware of one occasion in December 2014.

19. Later during the survey the Plaintiff learned that when other units were understaffed, deMontluzin would move workers from the Plaintiff's unit to another unit. So while the Plaintiff's unit would show adequate staffing "on paper" it would in fact be "understaffed' as a result of deMontluzin reassigning staff without the Plaintiff's consent.

20. The Plaintiff was questioned about this again later in the survey and amended his early answer to include the additional incidents of understaffing of which he had just learned.

21. Because of the change in the Plaintiff's answer, in August, 2015 the state survey members reported that the Plaintiff had given false information.

22. The Plaintiff discussed with deMontluzin and Rebecca Muller, the Regional Wellness Nurse for the Defendant. They both stated they could understand how the Plaintiff's responses, while truthful to the best of the Plaintiff's

4

knowledge, could have been misinterpreted as false. They acknowledged the Plaintiff's lack of experience in this process and instructed to check and review staffing records before answering such questions in the future.

23. There was no action taken against the Plaintiff at that time.

24. The Defendant was served with notice of revocation of its license to operate the facility, hearing scheduled for November 18, 2015, which was continued.

25, The Plaintiff worked with the Defendant to prepare for the hearing.

26. On November 20, 2015, the Plaintiff was terminated by deMontluzin for not ensuring proper staffing and for giving false information to the state survey team.

27. The Plaintiff applied for unemployment compensation benefits which was disputed by the Defendant.

28. A hearing was held at which deMontluzin testified.

29. Initially, deMontluzin testified that the Plaintiff was terminated for improper use of a corporate credit card on November 21, 2015.

30. When it was brought to deMontluzin's attention that the Plaintiff had been terminated on November 20, 2015, he requested the hearing to be continued.

31. When the hearing resumed, deMontluzin testified the Plaintiff had been terminated because he had given a good performance evaluation to an employee who should have been given a bad review.

## COUNT I

### Race Discrimination

### Disparate treatment-adverse employment action

32. Paragraphs One (1) through thirty-one (31) are realleged and incorporated herein by reference and made paragraph thirty-two (32).

33. The above-described conduct represents disparate treatment of the Plaintiff based on his race. The Plaintiff was terminated for behavior / conduct that has been committed by similarly-situated white employees who were not terminated.

34. As a result of the actions as described above, the Plaintiff was caused to suffer and continues to suffer humiliation, embarrassment, physical, mental and emotional anguish, loss of pay and benefits.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully prays that this Honorable Court will assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of

the Plaintiff as secured by 42 U.S.C., Sections 1981, 1981a, and 2000(e) et. seq., as amended.

    B.  Grant the Plaintiff a permanent injunction, enjoining the Defendant, its employees, servants, agents and those acting in concert with it and at its request from continuing to violate the above cited laws.

    C.  Award the Plaintiff an appropriate amount of lost wages, benefits and interest; compensatory and punitive damages; cost of prosecuting this action and attorney's fees.

    D.  The Plaintiff further prays for such other, special, additional and further relief and benefits as this Honorable Court may deem necessary and appropriate.

## COUNT II

### Gender / Sex Discrimination

### Disparate treatment-adverse employment action

    35.  Paragraphs One (1) through thirty-four (34) are realleged and incorporated herein by reference and made paragraph thirty-five (35).

    36. The above-described conduct represents disparate treatment of the Plaintiff based on his gender / sex. The Plaintiff was terminated for behavior / conduct that has been committed by similarly-situated female employees who were not terminated.

37. As a result of the actions as described above, the Plaintiff was caused to suffer and continues to suffer humiliation, embarrassment, physical, mental and emotional anguish, loss of pay and benefits.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully prays that this Honorable Court will assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by 42 U.S.C., Sections 1981a, and 2000(e) et. seq., as amended.

B. Grant the Plaintiff a permanent injunction, enjoining the Defendant, its employees, servants, agents and those acting in concert with it and at its request from continuing to violate the above cited laws.

C. Award the Plaintiff an appropriate amount of lost wages, benefits and interest; compensatory and punitive damages; cost of prosecuting this action and attorney's fees.

D. The Plaintiff further prays for such other, special, additional and further relief and benefits as this Honorable Court may deem necessary and appropriate.

**PLAINTIFF DEMANDS TRIAL**

**BY STRUCK JURY.**

Respectfully Submitted,

*/s/ James M. Wooten*
JAMES M. WOOTEN
Attorney for the Plaintiff
Suite 300
2001 Park Place North
Birmingham, Alabama  35203
(205) 322-7707